Rustís Chief-Justice.
 

 The subject of the first exception, taken by the defendant, has been considered in several other cases recently, and has been determined by the Court to be against him, as expressed in
 
 Vines
 
 v.
 
 Brownrigg, (post.)
 
 We thinkthestatuteof 1806 and others which require the due execution of deeds of gift and bills of sales of slaves to be proved on the trial by the subscribing witness, are merely a form of expressing that they shall not be read upon the former
 
 ex parte
 
 probate and registration, as deeds for land are; but shall be proved as at common law. The acts do not intend to introduce a new rule of evidence as to them, but to restore the old rule of the common law; that the execution must be proved by the subscribing witness as far as he can or will; and at the point where he fails, either from want of knowledge, or memory or integrity, the party may furnish the necessary proof by other witnesses.
 

 The other point discussed at the bar is, in the opinion of the court, with the defendant. The case is, that the plaintiff hired the slave to
 
 Butler
 
 for a year, and that within the year,
 
 Butler
 
 sold absolutely to the defendant, who refused to deliver him to the plaintiff upon demand, and insisted upon his purchase; when this action was brought, also within the year.
 

 The counsel for the plaintiff does not deny the case of
 
 Gordon
 
 v.
 
 Harper, (7 T. R.
 
 9,) nor the cases in this court, founded on that authority; but admits that to maintain trover, the plaintiff must have both the right
 
 *72
 
 of properly and the right of present possession. He insists that the bailee
 
 Butter
 
 was guilty of a conversion by selling the whole property, and not his term only, and and that the defendant is likewise guilty of one by asserting an absolute ownership, after notice of the plaintiff’s title. I do not perceive any ground for the argument. The authority on which it is advanced,
 
 (Loeschman
 
 v.
 
 Machin,
 
 3
 
 Eng. C. L. R.
 
 359,) is a
 
 nisi prius
 
 decision of Chief-Justice
 
 Abbott,
 
 and is not satisfactorily reported. It does not appear, that the
 
 action
 
 was brought within a month, to the end of which the hirer would have a right to the possession according to the original contract. The hiring was for an indefinite period, from month to month, at so much a month ; and if the hirer during one month, sent the piano
 
 to
 
 auction, certainly neither he nor the auctioneer- would have a right to it after the expiration of that month, after such a use of it, although the owner might not give notice at the end of the month. The hirer by his own act had determined the contract, at all events, at the end of the month. If if is meant in that case to say, that a bailee upon hire for a determinate period, forfeits'his interest by abuse to the article, or by a wrongful sale, so that a purchaser from him gets nothing, I think it is not law. I do not know of any such doctrine of forfeiture as applied to personal chattels. Nor do I think that the Chief-Justice intended soto lay it down ; because it is at variance with his own subsequent decision in
 
 Paine
 
 v.
 
 Whitaker,
 
 (21
 
 Eng.
 
 C.
 
 L. R.
 
 390.) in which he fully recognizes
 
 Gordon
 
 v.
 
 Harper
 
 as sound law. It is said that the act of the party differs from that of the sheriff; because the hirer has an interest which is subject to his creditors, and therefore the sheriff is justified in
 
 selling. True:
 
 the sheriff may sell; but what ? The debtor’s interest only. That the hirer can himself do as rightfully as the sheriff can. If either sell more, it is a wrongful act; and as wrongful in the one as in the other. The question is what is the owner’s remedy ? It may he, that he has no remedy while the term of hiring continues ; for during that period, he sustains no injury, not being enti-
 
 *73
 
 tied to the possession. But if he has a remedy it cannot be trover ; which is an action to repair the wrong done to his right to the possession. If he may bring trover after the term, for the conversion by an absolute sale during the term, he cannot during the term bring the action. For in
 
 Gordon
 
 v.
 
 Harper
 
 that was the point $ the sale by the sheriff not being of the interest of the defendant in execution, but of the entire property, and the suit having been immediately brought. I cannot perceive a difference between such a sale by the sheriff on an execution against the hirer, and a sale by the hirer himself, as an act of conversion ; and therefore I am of opinion the plaintiff cannot maintain this action, and that there must be a new trial.
 

 Per
 
 Curiam
 
 — Susqment reversed